**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                          No. 98-4629

HENRY FRAZIER STEVENSON, JR.,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Western District of Virginia, at Abingdon.
Glen M. Williams, Senior District Judge.
(CR-97-43-A)

Submitted: March 31, 1999

Decided: May 24, 1999

Before HAMILTON and WILLIAMS, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

_____

**COUNSEL**

Dennis E. Jones, Angela D. Childress, DENNIS E. JONES & ASSO-
CIATES, P.C., Lebanon, Virginia, for Appellant. Robert P. Crouch,
Jr., United States Attorney, Rick A. Mountcastle, Assistant United
States Attorney, Ruth E. Plagenhoef, Assistant United States Attor-
ney, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Henry Frazier Stevenson, Jr., pled guilty to distributing approximately 1.74 grams of cocaine, in violation of 21 U.S.C. § 841(a) (1994). Relying on two prior bank robbery convictions, the district court sentenced Stevenson as a career offender to 151 months in prison. Stevenson appeals, challenging the use of his prior bank robbery convictions to classify him as a career offender and challenging the district court's failure to make a downward departure. We affirm in part and dismiss in part.

Contrary to Stevenson's claims, his conviction for robbing a bank in Virginia constitutes a crime of violence under U.S. Sentencing Guidelines Manual § 4B1.2 (1997). Stevenson's conviction was for bank robbery (18 U.S.C.A. § 2113(a) (West 1984 & Supp. 1999)) and using a firearm in the commission of a felony (18 U.S.C.A. § 924(c)(1) (West 1976 & Supp. 1999)). The Advisory Notes specifically state that robbery is considered a crime of violence for purposes of § 4B1.2. See U.S.S.G. § 4B1.2 comment. (n.1). Even if it was appropriate to look beyond the fact of Stevenson's prior conviction to the circumstances of his case, see United States v. Kirksey, 138 F.3d 120, 124 (4th Cir.), cert. denied, ___ U.S. ___, 67 U.S.L.W. 3232 (U.S. Oct. 5, 1998) (No. 97-9400), under the facts as presented by Stevenson himself, the bank robbery qualified as a crime of violence. See United States v. Russell, 917 F.2d 512, 517 (11th Cir. 1990).

Stevenson claims that his prior bank robbery convictions occurred too long before his current offense to be counted toward classifying him as a career offender. In order to count as a prior felony conviction for purposes of career offender status, the sentence for that conviction must exceed one year and one month, and must have resulted in the defendant being incarcerated for a period of time within the fifteen years preceding the commencement of the instant offense. See

2

U.S.S.G. §§ 4A1.2(e)(1); 4B1.2(c). Counting the date Stevenson committed his crime of conviction as the date of commencement, <u>see</u> <u>United States v. Kennedy</u>, 32 F.3d 876, 890-91 (4th Cir. 1994), we find that both of his previous bank robberies constitute prior felony convictions for purposes of career offender status because he served a portion of his prison term for those convictions within the fifteen years preceding the commencement of his current offense.

Finally, Stevenson argues that the district court erred by failing to make a downward departure from career offender status under U.S.S.G. § 4A1.3, p.s. Absent circumstances not present here, a decision not to depart is not reviewable. <u>See United States v. Hall</u>, 977 F.2d 861, 863 (4th Cir. 1992); <u>United States v. Bayerle</u>, 898 F.2d 28, 31 (4th Cir. 1990).

For these reasons, we affirm Stevenson's conviction. We dismiss the portion of the appeal challenging the district court's failure to make a downward departure. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART, DISMISSED IN PART</u>