UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.                                                    No. 01-4197

RICKY LEE AUSTIN,
        *Defendant-Appellant.*

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, District Judge.
(CR-97-309-L)

Submitted: December 27, 2001

Decided: January 14, 2002

Before LUTTIG and WILLIAMS, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

G. Arthur Robbins, G. ARTHUR ROBBINS, L.L.C., Annapolis,
Maryland, for Appellant. Thomas M. DiBiagio, United States Attorney, Christine Manuelian, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Ricky Lee Austin appeals the fifty-seven-month sentence he received after he pled guilty to being a felon in possession of a firearm, 18 U.S.C.A. § 922(g)(1) (West 2000). He contests the enhanced base offense level of twenty which the district court applied because he had a prior felony conviction for a crime of violence, *U.S. Sentencing Guidelines Manual* § 2K2.1(a)(4)(A) (2000), and a further enhancement which applied because he stipulated that he possessed the firearm in connection with another felony offense. USSG § 2K2.1(b)(5). We affirm.

Austin first asserts that the district court erred in failing to conduct a factual inquiry to determine whether his 1988 Maryland conviction for battery was a crime of violence. Because Austin did not contest the enhanced base offense level on this ground in the district court, our review is for plain error. *United States v. Bornstein*, 977 F.2d 112, 115 (4th Cir. 1992); *see also United States v. Olano*, 507 U.S. 725, 732-37 (1993).

A "crime of violence," as used in § 2K2.1(a)(4)(A), is defined as any offense punishable by imprisonment for more than one year that "has as an element the use, attempted use, or threatened use of force against the person of another." USSG § 2K2.1, comment. (n.5); § 4B1.2(a)(1). Generally, to determine whether a prior felony conviction is a crime of violence, the sentencing court "must use a categorical approach, relying only on (1) the fact of conviction and (2) the definition of the prior offense." *United States v. Kirksey*, 138 F.3d 120, 124 (4th Cir. 1998). Because battery is a common law crime in Maryland, it is not defined by statute, but in case law, and the definition embraces both violent and non-violent conduct. *Id.* at 125. When the statutory definition of a prior crime does not establish whether the conviction was for a crime of violence, the court may look to the facts

alleged in the charging document. *Id.* at 124. In Maryland, the affidavits of the complaining witnesses are part of the charging document and may be consulted by the district court for this purpose. *Id.* at 125-26.

In Austin's case, the charging document for the battery conviction was submitted to the district court before Austin was sentenced. The attached witness statement stated: "My son, Terrance Malone, age 9, came home crying saying that Ricky had slapped him in the face several times and punched him in the chest." Austin was twenty-eight years old when the incident occurred. The facts alleged thus establish that the conduct for which Austin was charged and convicted involved the use of physical force against the person of another. Although Austin argues that the facts alleged were insufficient to support a legal conclusion that the battery was a crime of violence, we find that the district court did not plainly err in treating it as such.

Next, Austin argues that the government failed to produce evidence to support the four-level enhancement for use of the firearm in connection with the distribution of cocaine. This argument is meritless because Austin stipulated in his plea agreement that the enhancement applied. The statement of facts attached to the plea agreement further stipulated that the government could prove, if necessary, that Austin had allowed his barber shop and residence to be used for cocaine and crack distribution. At the guilty plea hearing, Austin acknowledged after some initial waffling that he had possessed the gun in connection with a drug offense. Austin at no time disputed that the government could produce testimony to this effect. Therefore, the district court did not clearly err in applying the enhancement to which Austin had stipulated. *See United States v. Gilliam*, 987 F.2d 1009, 1013 (4th Cir. 1993) (government may meet burden of proof concerning disputed factual issue through stipulation that district court finds has reasonable factual basis).

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*