**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-4001

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LOUIS MULLEN,

Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.    Catherine C. Blake, District Judge.
(1:07-cr-00205-CCB-1)

Submitted:  December 9, 2008        Decided:  February 17, 2009

Before NIEMEYER and MICHAEL, Circuit Judges, and HAMILTON,
Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Paresh S. Patel, Staff
Attorney, Franklin W. Draper, Assistant Federal Public Defender,
Greenbelt, Maryland, for Appellant.  Rod J. Rosenstein, United
States Attorney, Paul E. Budlow, Assistant United States
Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Louis Mullen pleaded guilty, pursuant to a plea agreement, to one count of bank robbery, in violation of 18 U.S.C. § 2113(a), (f) (2006). The district court concluded that Mullen qualified for sentencing as a career offender, and sentenced him to 151 months of imprisonment. Mullen timely appealed, and we affirm.

In the presentence report (PSR), the probation officer concluded that Mullen qualified for sentencing as a career offender pursuant to U.S. Sentencing Guidelines Manual (USSG) § 4B1.1 (2006), based on convictions for robbery in June 1991 and May 1992, robbery with a deadly weapon in July 1992, and resisting arrest in 2001. In his objections to the PSR, Mullen asserted that insufficient documentation existed to establish that any of his prior convictions qualified as a crime of violence for career offender purposes. He also argued that the sentence on his May 1992 conviction was subsequently modified and fell below the length required to be counted under USSG § 4A1.2(e). Finally, Mullen asserted that his conviction for resisting arrest was not a conviction for a crime of violence.

At sentencing, the district court concluded that the documentation establishing Mullen's prior convictions was sufficient. The court declined to make a finding regarding the June 1991 conviction, but found that the other three convictions

2

constituted crimes of violence and were properly counted as predicate convictions for career offender sentencing.

On appeal, Mullen argues that the Government's evidence of his prior convictions was not sufficient to establish the existence of the convictions. He also argues that the evidence was insufficient to establish that his convictions for robbery in May and July 1992 fell within the time period under USSG § 4A1.2(e) to qualify as career offender predicates. Finally, Mullen argues that, after the Supreme Court's decision in United States v. Begay, 121 S. Ct. 1581 (2008), his conviction for resisting arrest did not qualify as a crime of violence for career offender purposes. The Government responds, arguing that the district court properly sentenced Mullen as a career offender.

This court reviews sentences imposed by district courts for reasonableness, applying an abuse of discretion standard. Gall v. United States, 128 S. Ct. 586, 597-98 (2007); United States v. Pauley, 511 F.3d 468, 473-74 (4th Cir. 2007). When sentencing a defendant, a district court must: (1) properly calculate the guideline range; (2) determine whether a sentence within that range serves the factors set out in 18 U.S.C. § 3553(a) (2006); (3) implement mandatory statutory limitations; and (4) explain its reasons for selecting a sentence. Pauley, 511 F.3d at 473; United States v. Green, 436 F.3d 449, 455-56

3

(4th Cir. 2006).   In considering the district court's application of the Guidelines, this court reviews factual findings for clear error and legal conclusions de novo.  United States v. Allen, 446 F.3d 522, 527 (4th Cir. 2006).

Section 4B1.1 of the Sentencing Guidelines directs that career offenders be sentenced at enhanced offense levels and at criminal history category VI.  A defendant is a career offender if he was at least eighteen years old when the instant offense was committed, the instant offense is a felony and is either a crime of violence or a drug offense, and he has at least two prior felony convictions for crimes of violence or drug offenses.  See USSG § 4B1.1.  Mullen contests only whether he has at least two prior felony convictions for a crime of violence.  A crime of violence is defined to include any federal or state offense punishable by imprisonment for a term exceeding one year that "has as an element the use, attempted use, or threatened use of physical force against the person of another, or . . . involves conduct that presents a serious potential risk of physical injury to another."   USSG § 4B1.2(1).   At sentencing, counsel conceded that, if otherwise properly established to be counted as career offender predicates, Mullen's convictions for robbery were convictions for crimes of violence.  See United States v. Wilson, 951 F.2d 586, 587-88 (4th Cir. 1991) (concluding that robbery as defined under

4

Maryland law was a crime of violence for career offender purposes).

In assessing whether convictions constitute crimes of violence, the sentencing court should employ a "categorical approach." Taylor v. United States, 495 U.S. 575, 600 (1990); United States v. Kirksey, 138 F.3d 120, 124 (4th Cir. 1998). Under this approach, the court may look only to the fact of conviction and the statutory definition of the prior offense. Taylor, 495 U.S. at 602. The Supreme Court has reiterated that a federal sentencing court cannot consider items from the record of a prior conviction that were not conclusively validated in the earlier proceeding. Shepard v. United States, 544 U.S. 13, 21, 23 (2005); see United States v. Collins, 412 F.3d 515, 521 (4th Cir. 2005).

In cases where the prior conviction was the result of a guilty plea, the Shepard court held that a sentencing court's inquiry about whether a prior conviction was a crime of violence "is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." Shepard, 544 U.S. at 26; see United States v. Washington, 404 F.3d 834, 842 (4th Cir. 2005) (sentencing

5

court's reliance on documents other than those authorized in Shepard resulted in unconstitutional fact-finding).

Mullen relies on Taylor and Shepard to support his contention that the documents were not sufficient to prove his prior conviction for a crime of violence. Our review of the record leads us to conclude that the district court correctly concluded that the documents in question regarding Mullen's prior convictions were sufficiently reliable to establish the fact of the conviction, and whether the resultant term of imprisonment satisfied the requirements of USSG § 4A1.2(e).

Mullen argues that his conviction for robbery in 1992 resulted in a suspended sentence that is not countable under USSG § 4A1.2(e) because he was sentenced more than five years before he committed the instant offense on April 13, 2007. We conclude that the district court correctly interpreted the supporting documentation to conclude that this conviction was properly countable under § 4A1.2(e). Mullen was also convicted in July 1992, pursuant to a guilty plea, of robbery with a deadly weapon. He received a sentence of six years of imprisonment on July 20, 1992. As this sentence exceeded one year and one month, and was imposed within fifteen years of the commission of the instant offense, the district court correctly counted it as a career offender predicate pursuant to § 4A1.2(e).

6

Mullen was also convicted of resisting arrest and other offenses after a trial on June 19, 2001.  He was sentenced the same date to sixty days in jail.  Under USSG § 4A1.2(e)(2), because this sentence was imposed within ten years of Mullen's commission of the bank robbery, it was properly counted as a career offender predicate conviction. Mullen also argues that his conviction for resisting arrest does not constitute a crime of violence for career offender purposes.  He acknowledges that this court held to the contrary in United States v. Wardrick, 350 F.3d 446, 455-56 (4th Cir. 2003), but argues that this holding is no longer good law in light of the Supreme Court's decision in Begay.  Our review leads us to conclude that the offense of driving while intoxicated, considered by the Court in Begay, is sufficiently different from the offense of resisting arrest that Begay does not overrule Wardrick.

Mullen also raises the issue of whether the district court should have made all sentencing enhancement determinations based on facts proven beyond a reasonable doubt.  However, Mullen recognizes that this court has held otherwise.  United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005).  Mullen merely requests that his challenge be noted for purposes of further appeal.

Accordingly, we affirm Mullen's sentence.  We dispense with oral argument because the facts and legal contentions are

7

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED