**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5251**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

GEBRONT MAZAUNTI GADDY, a/k/a T, a/k/a JB,

        Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. John Preston Bailey, Chief District Judge. (3:08-cr-00050-JPB-DJJ-1)

Submitted: July 7, 2009         Decided: July 24, 2009

Before MOTZ and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

John J. Pizzuti, MCCAMIC, SACCO, PIZZUTI & MCCOID, PLLC, Wheeling, West Virginia, for Appellant. Sharon L. Potter, United States Attorney, Paul T. Camilletti, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gebront M. Gaddy timely appeals from the 100-month sentence imposed following his guilty plea, pursuant to a written plea agreement, to one count of distribution of cocaine base within 1,000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 860 (2006). Gaddy's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but questioning whether Gaddy received ineffective assistance of counsel and whether the district court erred in designating Gaddy a career offender under the Sentencing Guidelines. Gaddy has not filed a pro se brief, though he was informed of his right to do so. Finding no reversible error, we affirm.

I.

A defendant may raise a claim of ineffective assistance of counsel "on direct appeal if and only if it conclusively appears from the record that his counsel did not provide effective assistance." United States v. Martinez, 136 F.3d 972, 979 (4th Cir. 1998). To prove ineffective assistance the defendant must show two things: (1) "that counsel's representation fell below an objective standard of reasonableness" and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

2

proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). In the context of a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Our review of the record reveals no conclusive evidence that Gaddy's counsel did not provide effective assistance. Therefore, Gaddy's claim is not cognizable on direct appeal.

## II.

In the plea agreement, Gaddy waived his right to appeal a sentence imposed "within the maximum provided in the statute of conviction or the manner in which that sentence was determined." However, the Government failed to assert the waiver as a bar to the appeal. Therefore, this court may undertake an *Anders* review. *United States v. Poindexter*, 492 F.3d 263, 271 (4th Cir. 2007).

A defendant is designated a career offender if: (1) the defendant was at least eighteen years old at the time of the instant offense; (2) the instant offense is a felony crime of violence or controlled substance offense; and (3) "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.

Sentencing Guidelines Manual ("USSG") § 4B1.1(a) (2008).  A crime of violence is an offense punishable by a term of imprisonment greater than one year[1] that "has as an element the use, attempted use, or threatened use of physical force against the person of another."  USSG § 4B1.2(a).

To determine whether a prior felony conviction constitutes a crime of violence, a sentencing court "must use a categorical approach, relying only on (1) the fact of conviction and (2) the definition of the prior offense."  United States v. Kirksey, 138 F.3d 120, 124 (1998).  However,

> when the definition of the prior crime of conviction is ambiguous and will not necessarily provide an answer to whether the prior conviction was for a crime of violence, [the court] look[s] beyond the definition of the crime to examine the facts contained in the charging document on which the defendant was convicted.

Id.  We have also stated that the district court may rely on the information contained in the Presentence Investigation Report ("PSR") regarding prior convictions, "because it bears the earmarks of derivation from Shepard[2]-approved sources such as the indictments and state-court judgments."  United States v. Thompson, 421 F.3d 278, 285 (4th Cir. 2005).  In reviewing such

---

[1]  This definition applies "regardless of whether such offense is specifically designated as a felony."  USSG § 4B1.2, comment. (n.1).

[2]  Shepard v. United States, 544 U.S. 13, 25 (2005).

4

information, the court is required to "focus only on the facts necessarily decided by the prior conviction." Kirksey, 138 F.3d at 125.

There is no question that Gaddy's 2005 conviction for possession with intent to distribute cocaine is a predicate offense for purposes of USSG § 4B1.1. However, Gaddy contends that his 2000 conviction for second degree assault does not qualify as a crime of violence and so is not a predicate offense. In Maryland, one who violates Annotated Code of Maryland, Criminal Law § 3-203(a) (LexisNexis Supp. 2008)[3] "is guilty of the misdemeanor of assault in the second degree and on conviction is subject to imprisonment not exceeding 10 years." Md. Code Ann., Crim. Law § 3-203(b). The crime of assault encompasses "the crimes of assault, battery, and assault and battery, which retain their judicially determined meanings." Md. Code Ann., Crim. Law § 3-201(b). Maryland case law further defines assault as "an attempted battery or an intentional placing of a victim in reasonable apprehension of an imminent battery. . . . A battery . . . includes any unlawful force used against a person of another, no matter how slight. Kirksey, 138 F.3d at 125 (internal quotation marks and citation omitted).

---

[3] Pursuant to the Annotated Code of Maryland, Criminal Law § 3-203(a), "[a] person may not commit an assault."

5

This court has observed that, "under the definition of assault and battery in Maryland, it remains unclear whether we can say categorically that the conduct encompassed in the crime of battery constitutes the use of physical force against the person of another to the degree required to constitute a crime of violence." Id.

Thus, since there is ambiguity as to whether second degree assault in Maryland constitutes a crime of violence, the district court was required to look beyond the elements of assault. See Kirksey, 138 F.3d at 124; Thompson, 421 F.3d at 285. There is no evidence in the record that any charging documents were presented directly to the district court from which the court could determine that the conviction involved the degree of physical force required to constitute a crime of violence. However, the PSR, which was accepted by the district court, reveals that, according to the criminal complaint underlying Gaddy's second degree assault conviction, a witness "saw several individuals beating on [the victim], one of the persons was identified as [Gaddy]." Gaddy does not dispute the facts underlying the conviction. Thus, it is clear that the second degree assault conviction was based on a crime of violence. Further, it was punishable by up to ten years' imprisonment. Md. Code Ann., Crim. Law § 3-203(b). Therefore, we find that the district court did not err in finding that the

second-degree assault conviction was a predicate offense qualifying Gaddy for the career offender enhancement.

In accordance with Anders, we have reviewed the record in this case and have found no other meritorious issues for appeal. We therefore affirm the judgment of the district court. This court requires that counsel inform Gaddy, in writing, of his right to petition the Supreme Court of the United States for further review. If Gaddy requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Gaddy. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED