**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4019**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

CHI ANTONIO RAY,

        Defendant – Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Andre M. Davis, District Judge. (1:08-cr-00117-AMD-1)

Submitted: September 30, 2009     Decided: October 16, 2009

Before KING and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Paresh S. Patel, Staff Attorney, Michael T. Citaramanis, Assistant Federal Public Defender, Greenbelt, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Bonnie S. Greenberg, Assistant United States Attorney, Nick Lyon, Third Year Law Student, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Chi Antonio Ray pled guilty to bank robbery, 18 U.S.C. § 2113(a), (d), (f) (2006) (Count One), and use of a firearm during a crime of violence, 18 U.S.C. § 924(c) (2006) (Count Two). The court determined that Ray was a career offender, but sentenced him below the guideline range applicable pursuant to U.S. Sentencing Guidelines Manual § 4B1.1 (2007), imposing a term of 156 months imprisonment for the bank robbery and a consecutive eighty-four-month term for the firearm offense. Ray appeals his sentence, contending that the court erred in finding that he was a career offender. We affirm.

A defendant is a career offender if: (1) the defendant was at least eighteen years old at the time of the instant offense; (2) the instant offense is a felony crime of violence or controlled substance offense; and (3) "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." USSG § 4B1.1(a). A crime of violence is an offense punishable by a term of imprisonment greater than one year that "has as an element the use, attempted use, or threatened use of physical force against the person of another." USSG § 4B1.2(a). Ray had previously been convicted in Maryland, in a bench trial, of second degree assault. He argued at sentencing that the conviction did not qualify as a crime of violence because the Maryland common law crime of

2

assault includes both violent and non-violent offenses, and neither a trial transcript nor the court's findings were available.

To decide whether earlier convictions constitute crimes of violence, the sentencing court should employ a "categorical approach." Taylor v. United States, 495 U.S. 575, 600 (1990); United States v. Kirksey, 138 F.3d 120, 124 (4th Cir. 1998). Under this approach, the court may look only to the fact of conviction and the statutory definition of the prior offense. Taylor, 495 U.S. at 602. "Neither Congress nor the Sentencing Commission intended to permit sentencing courts to retry the facts of prior offenses to determine whether the defendant's conduct presents a serious risk of physical injury to others." Kirksey, 138 F.3d at 124.

However, in a limited class of cases where the definition of the underlying crime encompasses both violent and non-violent conduct, the sentencing court may look beyond the statutory definition. See Kirksey, 138 F.3d at 124. In such cases, courts may look primarily to any facts contained in the charging document on which the defendant was necessarily convicted, or to jury instructions when applicable. Id. In Maryland, the charging document includes both the statement of charges and an incorporated application for a statement of

3

charges containing an affidavit from the complaining witness. Id at 126.

The sentencing court may also consider other items from the record of a prior conviction, such as "a bench-trial judge's formal rulings of law and findings of fact, and in pleaded cases . . . the statement of factual basis for the charge." Shepard v. United States, 544 U.S. 13, 20 (2005). The court may not consider any items from the prior record that were not conclusively validated in the earlier proceeding. Id. at 20-23. Otherwise, the court may risk making a finding about the prior conviction that falls outside the exception in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), which permits statutory sentence enhancements based solely on "the fact of a prior conviction," and thus violate the Sixth Amendment under United States v. Booker, 543 U.S. 220, 244 (2005). See United States v. Collins, 412 F.3d 515, 521-22 (4th Cir. 2005).

In Maryland, the common law crime of assault encompasses "the crimes of assault, battery, and assault and battery, which retain their judicially determined meanings." Md. Code Ann., Crim. Law § 3-201(b) (LexisNexis Supp. 2008). Maryland case law defines assault as "an attempted battery or an intentional placing of a victim in reasonable apprehension of an imminent battery. A battery . . . includes any unlawful force used against a person of another, no matter how slight."

4

Kirksey, 138 F.3d at 125 (internal quotation marks and citations omitted). Further, "[t]he common law offense of battery thus embraces a wide range of conduct, including kissing without consent, touching or tapping, jostling, and throwing water upon another." Id. (internal quotation marks and citations omitted). We noted in Kirksey that, "under the definition of assault and battery in Maryland, it remains unclear whether we can say categorically that the conduct encompassed in the crime of battery constitutes the use of physical force against the person of another to the degree required to constitute a crime of violence." Id. In Ray's case, the statement of charges stated that he "did assault Patrick Quinn." The incorporated application for a statement of charges contained Quinn's sworn statement describing the incident.

Ray contends that, in the absence of specific fact findings from the state court that convicted him, the facts alleged in the charging documents "do not reflect that the state court necessarily convicted Mr. Ray of using physical force, attempted force, or [the] threat of physical force [but] leave open the possibility that the state court convicted Mr. Ray of creating apprehension in the complainant of an imminent non-violent battery (an unconsented touching) that did not equate to attempted force or threat of force necessary to qualify as a 'crime of violence.'" In other words, he posits

5

that he might have been convicted of an assault that involved threatening Quinn with a non-violent touching, but acquitted of the actual attack that left Quinn with broken bones in his face which required surgery and three days in the hospital.

We have held, post-Shepard, that, in a case where the defendant did not plead guilty and the state statute proscribes both violent and non-violent conduct, the district court may look to jury instructions or the charging documents to determine whether a prior conviction was for a crime of violence. See, e.g., United States v. Roseboro, 551 F.3d 226, 230 n.3 (4th Cir. 2009); United States v. Diaz-Ibarra, 522 F.3d 343, 348 (4th Cir. 2008). Ray was convicted in a bench trial; therefore, the district court acted properly in consulting the charging document to determine that he was convicted of a crime of violence.

In support of his argument that the charging document was insufficient under Shepard, Ray relies on In re Sealed Case, 548 F.3d 1085 (D.C. Cir. 2008), which held that a guilty plea to a District of Columbia robbery charge was insufficient to establish a prior crime of violence because the statute could have been violated by mere snatching. Id. at 1089-93. The court observed that it was required under Shepard to "decide not whether appellant in fact pled guilty to nonviolent robbery, but whether he could have under the information." Id. at 1092; see

6

also United States v. Ventura, 565 F.3d 870 (D.C. Cir. 2009) (holding prior guilty plea to Virginia felonious abduction insufficient to establish crime of violence on similar grounds). However, in both In re Sealed Case and Ventura, the charging document did not incorporate a statement of facts, as it did in Ray's case.  In re Sealed Case, 548 F.3d at 1090; Ventura, 565 F.3d at 878.

Ray emphasizes that, under Shepard, the question is what he was necessarily convicted of, not what he was probably convicted of.  Shepard, 125 S. Ct. at 1263; In re Sealed Case, 548 F.3d at 1091.  Ray is correct that it is possible, although unlikely, that the state court found someone other than him responsible for Quinn's injuries, or found that Quinn was not injured at all, and that Ray's assault conviction was based only on Quinn's claim that Ray initially "got in [his] face," yelled obscenities at him, and placed him in fear of an imminent attack.

However, Ray incorrectly claims that the latter allegation leaves open the possibility that he was convicted of threatening Quinn with a non-violent touching.  On the contrary, Quinn stated that in the beginning he was afraid Ray was about to attack him, not that Ray was threatening a non-violent form of touching.  The charge against Ray was unquestionably that his conduct first caused Quinn to feel threatened with violence,

7

that Quinn pushed him away, a fight ensued and, when Quinn withdrew, Ray followed him and ended by giving Quinn a beating which produced serious injuries. Had Ray been convicted only of assault by putting Quinn in fear of a non-violent touching, he would have been convicted on completely different facts from those charged. Consequently, we conclude that the district court did not err in deciding that Ray's prior assault conviction was a crime of violence, and that he was a career offender.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

8