**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

JOSEPH WRIGHT,

*Defendant-Appellant.*

No. 01-4254

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Catherine C. Blake, District Judge.
(CR-00-414-CCB)

Submitted: October 31, 2001

Decided: February 22, 2002

Before WILLIAMS, MICHAEL, and MOTZ, Circuit Judges.

---

Affirmed in part and vacated and remanded in part by unpublished per curiam opinion.

---

## COUNSEL

Howard L. Cardin, CARDIN & GITOMER, P.A., Baltimore, Maryland, for Appellant. Stephen M. Schenning, United States Attorney, Jonathan P. Luna, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Joseph Wright pleaded guilty to possession of a firearm by a convicted felon, 18 U.S.C.A. § 922(g)(1) (West 2000). At sentencing, Wright conceded—and the district court found—that he was an armed career criminal under 18 U.S.C.A. § 924(e)(1) (West 2000). Wright received a fifteen-year sentence. He timely appeals his conviction and sentence. We affirm his conviction but vacate his sentence and remand for resentencing.

I

Wright first contends that the district court erred when it denied his motion to suppress the handgun that Baltimore City police officers retrieved from his shorts pocket during an investigatory stop. We review for clear error a district court's factual findings informing its ruling on a suppression motion. Legal conclusions are reviewed de novo. *United States v. Johnson*, 114 F.3d 435, 439 (4th Cir. 1997).

Wright argues that Officer Amador and Officer Fletcher, who testified at the suppression hearing, told different stories about the events leading to the recovery of the gun and his subsequent arrest. We conclude that their testimony did not differ in any material respect. Specifically, there was no contradiction in the following, significant testimony: Wright was in a high-crime area; the officers noticed an irregular bulge in his shorts pocket, suggesting that he was carrying a gun; once Wright saw the officers, who were in uniform but sitting in an unmarked police car, he immediately began walking away from the officers' car; as he walked away, Officer Amador saw the clear outline of a handgun in the pocket; Wright appeared nervous; and, as Officer Amador instructed Wright to raise his arms and began to frisk Wright, Officer Fletcher observed the butt of a gun protruding from Wright's pocket.

The district court correctly concluded that there was a valid investigatory stop under *Terry v. Ohio*, 392 U.S. 1 (1968). Wright was in a high-crime area, he walked away from the officers immediately after he saw them, both officers observed an irregular bulge indicative of the presence of a firearm in his shorts pocket, and Amador saw the clear outline of a handgun in the pocket. This gave the officers the requisite "minimal level of objective justification for making the stop." *United States v. Wardlow*, 528 U.S. 119, 123 (2000). Contrary to Wright's assertion, the valid *Terry* stop was not prematurely converted into an arrest, for the officers' actions prior to discovery and seizure of the gun were limited in their intrusiveness and lasted "no longer than necessary to verify or dispel the officer[s'] suspicion." *United States v. Leshuk*, 65 F.3d 1105, 1109 (4th Cir. 1995). We conclude that the stop and subsequent arrest did not violate the Fourth Amendment.

## II

Wright next challenges his sentence as an armed career criminal. He first contends that his sentence violates the rule of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because his status as an armed career criminal was neither charged in the indictment nor found by a jury beyond a reasonable doubt. *Apprendi* held that, "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490. Because *Apprendi* specifically exempts "the fact of a prior conviction" from the rule that a jury decide certain penalty-enhancing factors, *Apprendi* is of no help to Wright.

Next, although Wright conceded at sentencing that he should be sentenced as an armed career criminal, he now contends that the district court did not employ the methodology required by *United States v. Kirksey*, 138 F.3d 120 (4th Cir. 1998), when it found that he had the requisite three convictions for violent felonies, serious drug offenses, or both under 18 U.S.C.A. § 924(e)(1), (e)(2). While Wright agrees that two drug convictions qualify under the statute, he contends that none of his convictions for assault or battery were shown to qualify under *Kirksey* as violent felonies. Because Wright raises

this issue for the first time on appeal, our review is for plain error. *See United States v. Olano*, 507 U.S. 725, 731-32 (1993).

In *Kirksey*, we were confronted with whether Maryland state convictions of common law assault and battery qualified as predicate crimes of violence for purposes of establishing career offender status. *Kirksey* instructs that the sentencing court must first employ a categorical approach to determine if a prior conviction constitutes a crime of violence. The categorical approach requires the court to rely only upon the fact of conviction and the definition of the prior offense. *Kirksey*, 138 F.3d at 124. If the definition of the prior crime is ambiguous (as was the case for the Maryland common law crimes of assault and battery), the district court is to look beyond the definition of the crime to the charging document and any statements incorporated into that document. *Id.* at 124-26. The *Kirksey* methodology applies equally in cases where the sentencing court must decide whether a prior conviction is a qualifying violent felony for purposes of determining armed career criminal status. *United States v. Coleman*, 158 F.3d 199, 201-203 (4th Cir. 1998).

Wright's presentence report reveals that he pleaded guilty in 1988 to second degree assault,* he pleaded guilty in 1991 to common law battery, and he pleaded guilty in 1997 to second degree assault, Md. Ann. Code art. 27, § 12A. The district court did not make the findings required by *Kirksey* and *Coleman* with regard to any of these convictions. Instead, the court summarily concluded that all the convictions qualified under § 924(e)(2)(B). Because the categorical approach is not enlightening with respect to any of these convictions, the district court should have consulted the respective charging documents.

The error in this case was plain. Wright properly was found to have only two of the required three qualifying convictions for armed career criminal status. As such, he was not subject to treatment as an armed career criminal, but to a sentence of between seventy-seven and ninety-six months, absent an upward departure. His fifteen-year sentence as an armed career criminal therefore affected his substantial rights. We accordingly vacate his sentence and remand for resentencing. At resentencing, the district court should make the findings

---

*It is likely that the offense actually was common law assault.

required by *Kirksey* and *Coleman* to determine whether Wright has a third conviction that qualifies him for sentencing as an armed career criminal.

## III

We therefore affirm Wright's conviction. His sentence is vacated and the matter remanded for resentencing consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART; VACATED AND*
*REMANDED IN PART*