**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5226**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

TAMAR BALDWIN, a/k/a James Baldwin,

                    Defendant – Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.  Andre M. Davis, District Judge.  (1:08-cr-00117-AMD-2)

Submitted:  September 30, 2009        Decided:  October 16, 2009

Before KING and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Michael D. Montemarano, MICHAEL D. MONTEMARANO, P.A., Elkridge, Maryland, for Appellant.  Rod J. Rosenstein, United States Attorney, Bonnie S. Greenberg, Assistant United States Attorney, Nick Lyon, Third Year Law Student, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tamar Baldwin pled guilty to bank robbery, 18 U.S.C. § 2113(a), (d) (2006) (Count One), and use of a firearm during a crime of violence, 18 U.S.C. §§ 924(c), 2 (2006) (Count Two). The district court sentenced him as a career offender, U.S. Sentencing Guidelines Manual § 4B1.1 (2008), to a term of 156 months imprisonment for the bank robbery and a consecutive seven-year sentence for aiding and abetting his co-defendant's brandishing of a firearm during the robbery. 18 U.S.C. § 924(c)(1)(A)(ii). Baldwin appeals his sentence, contending that (1) the district court erred in giving him an enhanced sentence for the § 924(c) offense based on his co-defendant's brandishing of a firearm, (2) he was not a career offender, and (3) the sentence was unreasonable. We affirm.

Baldwin stipulated as part of his plea agreement that he and co-defendant Chi Antonio Ray robbed a bank in Reiserstown, Maryland. Baldwin carried a crowbar into the bank and Ray carried a gun. Baldwin remained at the door while Ray ordered the tellers and customers to the floor, ordered two tellers to open cash drawers at gunpoint and took money, then returned to the first teller, kicked him in the head, and ordered him to get more money. A third cash drawer was opened and Ray obtained money from it, after which he and Baldwin left the bank and were apprehended a short time later.

2

In the presentence report, the probation officer recommended that Baldwin qualified for sentencing as a career offender because he had prior convictions for a drug offense and second degree assault. The probation officer also recommended a seven-year sentence under § 924(c)(1)(A)(ii), which applies if a firearm was brandished during and in relation to a crime of violence. Baldwin objected to the seven-year sentence for brandishing, alleging that he had not admitted participating in or condoning Ray's brandishing. He also objected that his prior Maryland assault conviction was categorically a crime of violence and thus not a predicate for career offender status. At sentencing, the district court overruled both objections. The court determined that Baldwin was a career offender, but imposed a sentence below the career offender guideline range, to be followed by a consecutive eighty-four-month sentence for the § 924(c) conviction.

On appeal, Baldwin first challenges the enhanced sentence for brandishing. "To be liable for aiding and abetting, a defendant must (1) willfully associate himself with the criminal venture, and (2) seek to make the venture succeed through some action of his own." United States v. Bowen, 527 F.3d 1065, 1078 (10th Cir. 2008); see also United States v. Wilson, 135 F.3d 291, 305 (4th Cir. 1998) (aiding and abetting in § 924(c) context does not require participation in every

3

stage of crime, only knowing participation at some stage and intent to achieve common goal).  Most circuits require that the defendant "intentionally facilitate or encourage another's use of a gun," but "[l]ittle is required to satisfy the element of facilitation."  Bowen, 527 F.3d at 1079 (noting that the Tenth Circuit requires only that the aider and abettor know of another's use of a gun in a crime of violence and knowingly and actively participate in the crime) (citations omitted).

Baldwin does not dispute that he aided and abetted the bank robbery and knew a firearm would be "used," but he contends that "there was no evidence either that [he] knew the firearm would be brandished, or that he condoned the brandishing when it took place."  He seeks support from the Supreme Court's discussion, in Dean v. United States, 129 S. Ct. 1849, 1853-54 (2009), of the requirement in § 924(c)(4) that "[t]he defendant must have intended to brandish the firearm" for a specific purpose, which the Court distinguished from subsection (c)(1)(A)(iii), which requires no proof of intent for an enhanced sentence when a firearm is discharged in the course of a violent or drug trafficking crime.  Id. at 1856.  However, Dean does not advance Baldwin's argument.

As defined in § 924(c)(4), to "brandish" a firearm means "to display all or part of the firearm, or otherwise make the presence of the firearm known to another person, in order to

4

intimidate that person, regardless of whether the firearm is directly visible to that person." Brandishing a firearm is one type of active use of a firearm, Wilson, 135 F.3d at 304, and is arguably the most obvious and likely use to be anticipated in an armed robbery. Baldwin stood guard at the door of the bank, armed with a crowbar, while Ray obtained money by brandishing a gun, presumably in full view of Baldwin, and then left with Ray and the proceeds of the robbery. We conclude that the evidence was sufficient for the district court to determine that Baldwin intentionally aided and abetted Ray's brandishing of the firearm, and that Baldwin was subject to a consecutive seven-year sentence for the § 924(c) conviction.

Next, Baldwin contests his career offender status. A defendant is a career offender if he was at least eighteen years old when the instant offense was committed, the instant offense is a felony and is either a crime of violence or a drug offense, and he has at least two prior felony convictions for crimes of violence or drug offenses. See USSG § 4B1.1. A "crime of violence" is any federal or state offense punishable by imprisonment for a term exceeding one year that "has as an element the use, attempted use, or threatened use of physical force against the person of another, or . . . involves conduct that presents a serious potential risk of physical injury to another." USSG § 4B1.2(a). In deciding whether convictions

5

constitute crimes of violence, the sentencing court should employ a "categorical approach." Taylor v. United States, 495 U.S. 575, 600 (1990); United States v. Kirksey, 138 F.3d 120, 124 (4th Cir. 1998). Under this approach, the court may look only to the fact of conviction and the statutory definition of the prior offense. Taylor, 495 U.S. at 602.

However, in a limited number of cases, such as this one, where the definition of the predicate crime is ambiguous because it describes both violent and non-violent offenses, the sentencing court may "examine the facts contained in the charging document on which the defendant was convicted[,]" with the aim "that we focus only on the facts necessarily decided by the prior conviction." Kirksey, 138 F.3d at 124-25. In addition, the sentencing court may consider other items from the record of a prior conviction, such as "a bench-trial judge's formal rulings of law and findings of fact, and in pleaded cases . . . the statement of factual basis for the charge," but may not consider any items from the prior record that were not conclusively validated in the earlier proceeding. Shepard v. United States, 544 U.S. 13, 20-23 (2005).

In Maryland, the common law crime of assault encompasses "the crimes of assault, battery, and assault and battery, which retain their judicially determined meanings." Md. Code Ann., Crim. Law § 3-201(b) (LexisNexis Supp. 2008).

6

Maryland case law defines assault as "an attempted battery or an intentional placing of a victim in reasonable apprehension of an imminent battery. A battery . . . includes any unlawful force used against a person of another, no matter how slight." Further, "[t]he common law offense of battery thus embraces a wide range of conduct, including kissing without consent, touching or tapping, jostling, and throwing water upon another." Kirksey, 138 F.3d at 125 (internal quotation marks and citations omitted). Thus, we observed in Kirksey that, "under the definition of assault and battery in Maryland, it remains unclear whether we can say categorically that the conduct encompassed in the crime of battery constitutes the use of physical force against the person of another to the degree required to constitute a crime of violence." Id. In this case, the court properly considered the charging document.

Baldwin argues that, because the government failed to produce the bench-trial judge's factual findings and legal rulings, the government failed to prove that he was actually convicted of the violent assault charged when he could conceivably have been convicted of a non-violent assault if the evidence was insufficient to prove the charged violent assault. He also contends that the district court improperly considered the statement of probable cause because it was not "linked to [the statement of charges] by any language demonstrating such

7

relation or incorporation[.]" The latter claim is baseless.[*] The statement of facts states, "Upon the facts contained in the application of Joseph, Burl it is formally charged that . . . ." The statement of probable cause contains Officer Joseph's description of Baldwin's offense. Both were filed on the same day in the Baltimore County district court and have the same case number. These facts establish that the statement of probable cause was incorporated into the charging document, and was properly considered by the district court. Kirksey, 138 F.3d at 126.

With respect to the adequacy of the proof of a violent assault, we have held, post-Shepard, that, in a case where the defendant did not plead guilty and the state statute proscribes both violent and non-violent conduct, the district court may look to jury instructions or the charging documents to determine whether a prior conviction was for a crime of violence. See, e.g., United States v. Roseboro, 551 F.3d 226, 230 n.3 (4th Cir. 2009); United States v. Diaz-Ibarra, 522 F.3d 343, 348 (4th Cir. 2008). Baldwin was convicted in a bench trial; therefore, the district court acted properly in consulting the charging

---

[*] Baldwin acknowledges that he did not object to consideration of the statement of probable cause on this ground, only on relevance grounds.

8

document and determining from it that Baldwin was convicted of a violent assault.

As support for his argument that the charging document was inadequate under Shepard, Baldwin relies on In re Sealed Case, 548 F.3d 1085 (D.C. Cir. 2008), which held that a guilty plea to a District of Columbia robbery charge was insufficient to establish a prior crime of violence because the statute could have been violated by mere snatching. Id. at 1089-93; see also United States v. Ventura, 565 F.3d 870 (D.C. Cir. 2009) (holding prior guilty plea to Virginia felonious abduction insufficient to establish crime of violence on similar grounds). However, in both In re Sealed Case and Ventura, the charging document did not incorporate a statement of facts, as it did in Baldwin's case. In re Sealed Case, 548 F.3d at 1090; Ventura, 565 F.3d at 878.

Last, Baldwin argues that his sentence was unreasonable. We review a sentence for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, ___, 128 S. Ct. 586, 597 (2007). This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Id. After determining whether the district court properly calculated the defendant's advisory guidelines range, this court must consider whether the district court considered the 18 U.S.C. § 3553(a) (2006) factors,

9

analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. at 596-97; see United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). Finally, we review the substantive reasonableness of the sentence, "taking into account the totality of the circumstances, including the extent of any variance from the Guidelines range." United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (internal quotation marks and citation omitted). Applying these standards, we have thoroughly reviewed the record on appeal and conclude that the sentence was reasonable.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED