**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-1793**

RICARDO ERNESTO MEDRANO-VASQUEZ,

    Petitioner,

  v.

ERIC H. HOLDER, JR., Attorney General,

    Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals.

Submitted: December 16, 2009   Decided: January 15, 2010

Before MICHAEL, MOTZ, and DUNCAN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Timothy W. Davis, LAW OFFICE OF TIMOTHY W. DAVIS, LLC,
Baltimore, Maryland, for Petitioner. Tony West, Assistant
Attorney General, William C. Peachey, Assistant Director,
Rebecca Hoffberg, Office of Immigration Litigation, UNITED
STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ricardo Ernesto Medrano-Vasquez, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's order finding he was removable based on his two Maryland convictions for assault in the second degree. The Board found that one of the convictions was an aggravated felony and the other conviction was a crime of domestic violence, either of which may be grounds for removability. We deny the petition for review.

An "aggravated felony" is a "crime of violence (as defined in section 16 of Title 18 . . .) for which the term of imprisonment at [sic] least one year." 8 U.S.C. § 1101(a)(43)(F) (2006). A "crime of violence" is defined as "(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16 (2006). A crime of domestic violence means any crime of violence as defined by § 16 against a person committed by a current or former spouse. See 8 U.S.C. § 1227(a)(2)(E)(i).

2

This court has held that the "question of whether a conviction falls within the ambit of 18 U.S.C. § 16 is a categorical one." Mbea v. Gonzales, 482 F.3d 276, 279 (4th Cir. 2007). We generally consider "the nature of the offense as defined by statute, not the conduct at issue in any particular case." Id. (citations omitted). In a limited class of cases, however, where the definition of the crime of conviction is "ambiguous and will not necessarily provide an answer to whether the prior conviction was for a crime of violence, [the court] look[s] beyond the definition of the crime to examine the facts contained in the charging document on which the defendant was convicted." United States v. Kirksey, 138 F.3d 120, 124 (4th Cir. 1998) (alterations added).

In Maryland, one who violates Md. Code Ann., Crim. Law § 3-203(a) "is guilty of the misdemeanor of assault in the second degree and on conviction is subject to imprisonment not exceeding 10 years." Md. Code Ann., Crim. Law § 3-203(b). The crime of assault encompasses "the crimes of assault, battery, and assault and battery, which retain their judicially determined meanings." Md. Code Ann., Crim. Law § 3-201(b). Maryland case law further defines assault as "an attempted battery or an intentional placing of a victim in reasonable apprehension of an imminent battery. A battery . . . includes *any* unlawful force used against a person of another, *no matter*

3

*how slight*." Kirksey, 138 F.3d at 125 (internal quotation marks and citations omitted). This court has observed that, "under the definition of assault and battery in Maryland, it remains unclear whether we can say categorically that the conduct encompassed in the crime of battery constitutes the use of physical force against the person of another to the degree required to constitute a crime of violence." Id. Accordingly, because there is ambiguity as to whether second degree assault in Maryland constitutes a crime of violence, the Board was required to look beyond the elements of assault. Id., 138 F.3d at 124.

Clearly, the supporting documents for both convictions, including the statements of probable cause, support the finding that Medrano-Vasquez had a conviction for conduct that amounted to an aggravated felony and another conviction for conduct that amounted to a crime of domestic violence. Accordingly, we find no error in the Board's decision.

We deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

4