**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4452**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

THURMAN DOMINICK BROWN,

                    Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  William M. Nickerson, Senior District
Judge.  (1:07-cr-00479-WMN-1)

Submitted:  September 2, 2010      Decided:  September 17, 2010

Before KING, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Gary E. Proctor, THE LAW OFFICES OF GARY E. PROCTOR, Baltimore,
Maryland, for Appellant.  Rod J. Rosenstein, United States
Attorney, Rachel M. Yasser, Assistant United States Attorney,
Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thurman Dominick Brown appeals the 180-month sentence imposed following his conviction by a jury of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006). On appeal, Brown argues that his 2003 second degree assault conviction was not a violent felony[*] and, therefore, that the district court erred in designating him an armed career criminal under the Armed Career Criminal Act ("ACCA"). Finding no reversible error, we affirm.

Under the ACCA, a violent felony is any crime punishable by more than one year of imprisonment that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C.A. § 924(e)(2)(B)(i) (West 2000 & Supp. 2010). When determining whether a conviction qualifies as a violent felony, "we use the required categorical approach, which takes into account only the definition of the offense and the fact of conviction." United States v. Pierce, 278 F.3d 282, 286 (4th Cir. 2002). We have recognized, however, that a conviction for second degree assault in Maryland is not per se a violent felony for purposes of the ACCA. United States v. Harcum, 587 F.3d 219, 224 (4th Cir.

---

[*] Brown does not dispute that his two 2004 drug convictions are predicate offenses under the ACCA.

2

2009).  Thus, we must use a modified categorical approach and "look beyond the definition of the crime to examine the facts contained in the charging document on which the defendant was convicted."  United States v. Kirksey, 138 F.3d 120, 124 (4th Cir. 1998); see Shepard v. United States, 544 U.S. 13, 26 (2005) (setting forth documents on which courts may rely in using modified categorical approach); see also United States v. Simms, 441 F.3d 313, 315-18 (4th Cir. 2006) (using Kirksey analysis of Maryland assault statute in ACCA analysis).

With these standards in mind, we have reviewed the record on appeal and conclude that Brown's second degree assault conviction constitutes a violent felony for purposes of the ACCA.  Thus, the district court did not err in designating Brown an armed career criminal.  Accordingly, we affirm the judgment of the district court.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3