**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 10-4235**

—————————

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

MOISES BARANDA-CUEVAS,

               Defendant - Appellant.

—————————

Appeal from the United States District Court for the District of
Maryland, at Baltimore. William D. Quarles, Jr., District
Judge. (1:09-cr-00438-WDQ-1)

—————————

Submitted: February 23, 2011      Decided: March 18, 2011

—————————

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

—————————

Affirmed by unpublished per curiam opinion.

—————————

James Wyda, Federal Public Defender, Paresh S. Patel, Greenbelt,
Maryland, for Appellant. Rod J. Rosenstein, United States
Attorney, Thiruvendran Vignarajah, Assistant United States
Attorney, Baltimore, Maryland, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Moises Baranda-Cuevas appeals the forty-six-month sentence imposed after he pled guilty to unlawfully reentering the United States after being deported subsequent to a felony conviction, in violation of 8 U.S.C. § 1326(a), (b)(1) (2006). On appeal, Baranda-Cuevas argues that the district court erred by using the modified categorical approach to conclude that he committed a crime of violence warranting a sixteen-level enhancement under U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A)(ii) (2009), and that his sentence is procedurally unreasonable. Finding no reversible error, we affirm.

Baranda-Cuevas first challenges the district court's use of the modified categorical approach in determining that his Maryland second-degree assault conviction qualified as a crime of violence. This court reviews de novo whether a prior conviction qualifies as a "crime of violence" for purposes of a sentencing enhancement. See United States v. Jenkins, ___ F.3d ___, ___, 2011 WL 285800, at *1 (4th Cir. Jan. 31, 2011). In addition to certain enumerated offenses not relevant here, a "crime of violence" for purposes of USSG § 2L1.2(b)(1)(A)(ii) is "any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." USSG § 2L1.2 cmt. n.1(B)(iii). To decide whether a prior conviction

2

constitutes a crime of violence, the sentencing court normally should employ a "categorical approach." Taylor v. United States, 495 U.S. 575, 600 (1990); see Shepard v. United States, 544 U.S. 13, 20-21 (2005); United States v. Kirksey, 138 F.3d 120, 124-25 (4th Cir. 1998). Under this approach, the court may "look only to the fact of conviction and the statutory definition of the prior offense." Taylor, 495 U.S. at 602. In a limited class of cases, however, where the definition of the underlying crime encompasses both violent and non-violent conduct, a sentencing court may look beyond the statutory definition. Kirksey, 138 F.3d at 124. In such cases, "the modified categorical approach . . . permits a court to determine which statutory phrase was the basis for the conviction by consulting the trial record—including charging documents, plea agreements, [and] transcripts of plea colloquies . . . ." Johnson v. United States, 130 S. Ct. 1265, 1273 (2010) (internal quotation marks omitted); see United States v. Harcum, 587 F.3d 219, 223 (4th Cir. 2009).

With these standards in mind, we have reviewed the record in this case and conclude, contrary to Baranda-Cuevas's assertion on appeal, that the district court did not err in using the modified categorical approach. See United States v. Alston, 611 F.3d 219, 223 (4th Cir. 2010) (recognizing that, "under Maryland law, second-degree assault encompasses several distinct crimes, some of which qualify as violent felonies and

others of which do not"); Harcum, 587 F.3d at 224. Moreover, the information contained in the charging document demonstrates that the second-degree assault for which Baranda-Cuevas was convicted in Maryland "has as an element the use, attempted use, or threatened use of physical force against the person of another," USSG § 2L1.2 cmt. n.1(B)(iii), and qualifies as a crime of violence supporting the sixteen-level enhancement. Thus, Baranda-Cuevas's first ground for appeal lacks merit.

Baranda-Cuevas also contends that the district court imposed a procedurally unreasonable sentence by failing to address each of his arguments for a variant sentence. In determining the procedural reasonableness of a sentence, this court considers, inter alia, whether the district court analyzed the arguments presented by the parties and sufficiently explained the selected sentence. Gall v. United States, 552 U.S. 38, 51 (2007) "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an individualized assessment based on the particular facts of the case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted). Where, as here, the district court imposes a within-Guidelines sentence, the explanation may be "less extensive, while still individualized." United States v. Johnson, 587 F.3d 625, 639 (4th Cir. 2009), cert. denied, 130 S. Ct. 2128 (2010). However, that explanation must be sufficient

4

to allow for "meaningful appellate review" such that the appellate court need "not guess at the district court's rationale." Carter, 564 F.3d at 329-30 (internal quotation marks omitted). Because Baranda-Cuevas preserved this claim, our review is for an abuse of discretion. See United States v. Lynn, 592 F.3d 572, 578 (4th Cir. 2010) (stating standard).

Our review of the record leads us to conclude that the district court adequately explained its reasons for declining to vary from the advisory Guidelines range and for imposing a sentence of forty-six months' — the bottom of the advisory Guidelines range. See Lynn, 592 F.3d at 576 ("In explaining a sentencing decision, a court need not robotically tick through § 3553(a)'s every subsection, particularly when imposing a within-Guidelines sentence") (internal quotation marks omitted). Thus, the district court did not abuse its discretion in sentencing Baranda-Cuevas.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED