**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 10-5224**

———————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MARK LINN RANDOLPH,

        Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of Maryland, at Baltimore. Catherine C. Blake, District Judge. (1:09-cr-00244-CCB-8)

———————————

Submitted: August 24, 2011      Decided: August 30, 2011

———————————

Before WILKINSON, KEENAN, and WYNN, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Gary A. Ticknor, Elkridge, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Michael C. Hanlon, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mark Linn Randolph appeals his conviction and 108-month sentence for one count of distribution and possession with intent to distribute cocaine base and aiding and abetting in violation of 21 U.S.C. § 841(a)(1) (2006) and 18 U.S.C. § 2 (2006). Randolph, who pled guilty to the offense, argues on appeal that his prior convictions for Maryland second degree assault should not be considered predicate offenses for a career offender enhancement. We affirm.

We review de novo whether a prior conviction qualifies as a "crime of violence" for purposes of a sentencing enhancement. See United States v. Jenkins, 631 F.3d 680, 682 (4th Cir. 2011). In addition to certain enumerated offenses not relevant here, a "crime of violence" for purposes of U.S. Sentencing Guidelines Manual 4B1.1 (2009), is "any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." USSG § 4B1.2(a). To decide whether a prior conviction constitutes a crime of violence, the sentencing court normally should employ a "categorical approach." Taylor v. United States, 495 U.S. 575, 600 (1990); United States v. Kirksey, 138 F.3d 120, 124-25 (4th Cir. 1998). Under this approach, the court may "look only to the fact of

2

conviction and the statutory definition of the prior offense." Taylor, 495 U.S. at 602. In a limited class of cases, however, where the definition of the underlying crime encompasses both violent and non-violent conduct, a sentencing court may look beyond the statutory definition. Kirksey, 138 F.3d at 124. In such cases, "the modified categorical approach . . . permits a court to determine which statutory phrase was the basis for the conviction by consulting the trial record—including charging documents, plea agreements, [and] transcripts of plea colloquies[.]" Johnson v. United States, 130 S. Ct. 1265, 1273 (2010) (internal quotation marks omitted); see United States v. Harcum, 587 F.3d 219, 223 (4th Cir. 2009).

In Maryland, the common-law crime of assault encompasses "'the crimes of assault, battery, and assault and battery, which retain their judicially determined meanings.'" United States v. Alston, 611 F.3d 219, 222 (4th Cir. 2010) (quoting Md. Code Ann., Crim. Law § 3-201(b) (LexisNexis Supp. 2010)). Maryland case law defines assault as "1. [a] consummated battery . . . ; 2. [a]n attempted battery; and 3. [a] placing of a victim in reasonable apprehension of an imminent battery. A battery . . . include[s] any unlawful force used against the person of another, no matter how slight." Alston, 611 F.3d at 222 (internal quotation marks omitted);

3

Kirksey, 138 F.3d at 125. Further, "[t]he common law offense of battery thus embraces a wide range of conduct, including kissing without consent, touching or tapping, jostling, and throwing water upon another. . . . At the other end of the spectrum, a battery includes a fatal shooting or stabbing of a victim." Id. at 223 (internal quotation marks omitted).

Randolph argues that the categorical approach should be applied in analyzing Maryland's second degree assault statute. Our opinions in Harcum and Kirksey are clear that where, as here, the issue is whether a conviction for second degree assault in Maryland is a "crime of violence," the modified categorical approach is appropriate. Thus, Randolph's argument is foreclosed by this Court's published authority.

Applying the modified categorical approach to the facts of this case, it is clear that the district court did not err in concluding that Randolph's convictions were for crimes of violence. In 2001, Randolph pled guilty to second degree assault and admitted during his plea colloquy that he struck his girlfriend in the face with an open palm, causing swelling and redness. With respect to a different second degree assault charge, Randolph admitted in a 2002 plea colloquy that he struck a man in the face, caused a laceration, and stole money from the man. We conclude that these are crimes of violence because they

4

involve "use, attempted use, or threatened use of physical force against the person of another." We thus find no error in the district court's decision to sentence Randolph as a career offender.

We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>