KISER, Senior District Judge,
dissenting:
The majority believes the District Court did not make the requisite findings of fact to support its decision to overrule Davis’s objection to the Presentence Report (“PSR”) and sustain the Probation Officer’s cross-reference to Robbery pursuant to U.S.S.G. § 2K2.1(c)(l)(A). Because I believe the District Court did make the necessary findings for an appropriate review by this Court, I do not believe a remand is necessary. I respectfully dissent.
I.
According to the PSR:
Based on witness statements, Davis and an unidentified male approached the victim, pulled a gun, and forced the victim to walk with them at gunpoint while they went through his pockets. Thereafter, the victim fled and Davis and the other individual began shooting at him. Witnesses estimated five or six shots were fired.... When they located the victim, Davis took the cellular telephone the victim was using and he shot the victim three or four times after he fled.
In the case-at-bar, the investigation revealed that Davis and another individual approached the victim, brandished a gun, and stole the victim’s cellular phone. Davis and the other individual forced the victim to walk with them a short distance with the gun pressed to his back. When the victim began to run, Davis shot toward the victim, hitting him twice in the leg. When questioned by the authorities, Davis admitted he took the victim’s cellular phone and shot toward the victim when he fled. Moreover, the victim’s cellular phone was found on Davis’s person. Furthermore, on September 22, 2012, Davis was convicted of state charges of Common Law Robbery and Possession of a Firearm by a Felon for conduct related to the instant offense.
J.A. 68, 77. Based on these facts, the Probation Officer properly calculated Davis’s sentence with the cross-reference to Robbery. She then computed the base offense level and ultimately the Guidelines sentencing range.
The District Court entertained evidence which supported the Probation Officer’s investigation and account of the underlying offense. Davis objected to the use of the Robbery cross-reference on the basis of the underlying offense. The District Court considered the objection, overruled it, adopted the PSR, and imposed a sentence within the Guidelines. See J.A. 18, 23. In so doing, the District Court rejected Davis’s proffered version of the facts. By adopting the PSR, see ante at 186, which included a factual recitation the majority concedes supports a cross-reference to Robbery under North Carolina law, see id. at 187-88, I believe the District Court made the necessary factual finding to support its decision to cross reference the Robbery Guideline. Moreover, I believe the applicable standard of review requires that this Court find as such. See United States v. Bolden, 325 F.3d 471, 479 n. 5 *189 (4th Cir.2003) (citing United States v. Brown, 314 F.3d 1216, 1221 (10th Cir. 2003)) (holding that, on review of sentencing issues, the evidence should be viewed in the light most favorable to the District Court’s determination).
The District Court’s factual findings are contained within the PSR; the rulings of the District Court explicitly rejected Davis’s evidence and argument and adopted the facts in the PSR. I would affirm the District Court.
II.
Additionally, I feel compelled to comment on what I believe to be the majority’s misuse of United States v. Alston, 611 F.3d 219 (4th Cir.2010), to support its holding that guilty pleas entered pursuant to North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), may not be considered by District Courts for purposes of cross-references at sentencing. The majority’s approach disregards the rationale underlying Alston. That case stands for the proposition that, token the fact of conviction alone does not give a court sufficient information to support a sentencing enhancement, then the court may consider Shepard-approved documents to determine whether an Armed Career Criminal Act (“ACCA”) enhancement applies, but it may not consider a defendant’s guilty plea pursuant to Alford.
In the present case, Alston’s admonition is not applicable. Although Alston is an ACCA case, the majority uses it in the present context, so I assume — but do not agree — that it has bearing in the cross-referencing context. Here, unlike in Alston, a modified-categorical approach to the underlying charge is unnecessary. As the Alston court explicitly stated, “the Supreme Court has held that ACCA ‘generally requires the trial court to look only to the fact of conviction and the statutory definition of the prior offense’ when determining whether a prior conviction qualifies for the Act’s sentencing enhancement.” Alston, 611 F.3d at 224 (quoting Taylor v. United States, 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990)). If Alston’s holding in the ACCA context is to be used in the cross-referencing context — which the majority’s use of Alston necessarily implies- — -then this Court need not go any further than the “fact of conviction and the statutory definition of the ... offense.” Davis’s underlying conviction was for common law robbery. See N.C. Gen.Stat. § 14-87.1 (West 2011). This charge will always be a robbery, whereas Alston’s underlying charge for second-degree assault would not always qualify as a “violent felony” under the ACCA. See Alston, 611 F.3d at 222-23 (quoting United States v. Kirksey, 138 F.3d 120, 125 (4th Cir.1998)). Under Alston, therefore, the present case should not turn on the facts or the nature of pleas. But the majority holds that it does.
I fear that the majority’s tacit extension of Alston takes this Court too far down a road it does not wish to travel. If an Alford plea to a crime which categorically is robbery is not sufficient to hold that a robbery was committed, the only recourse will be to conduct mini-trials whenever an Alford plea is entered. This is exactly the morass that Taylor and Shepard cautioned against. See, e.g., Shepard v. United States, 544 U.S. 13, 36, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005) (“Taylor also sought to avoid the impracticality of mini-sentencing-trials featuring opposing witnesses perusing lengthy transcripts of prior proceedings.”). I am regrettably forced to conclude that the majority’s holding drags District Courts further into that very morass. If a court is able to determine whether a sentencing enhancement should apply looking only to the “fact of convic *190 tion and the statutory definition of the ... offense,” I do not believe the nature of the guilty plea in question should enter into the analysis.
I believe the District Court should be affirmed.