NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0648n.06

No. 11-5846

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellee, | ) | **Jun 19, 2012** |
| | ) | LEONARD GREEN, Clerk |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| ARTURO CIFUENTES-ZAPETE, | ) | THE EASTERN DISTRICT OF |
| | ) | TENNESSEE |
| Defendant-Appellant. | ) | |

Before: MARTIN and CLAY, Circuit Judges; HOOD, District Judge.[*]

PER CURIAM..Arturo Cifuentes-Zapete, a federal prisoner proceeding through counsel, appeals his judgment of conviction and sentence. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

Cifuentes-Zapete pleaded guilty to illegal reentry of a deported alien in violation of 8 U.S.C. § 1326(a) and (b). He was sentenced to serve eighty months of imprisonment followed by three years of supervised release and ordered to pay a special assessment in the amount of $100.

Cifuentes-Zapete filed a timely appeal. He challenges his sentence, arguing that his base offense level was erroneously enhanced by sixteen levels based upon the district court's determination that he had a prior conviction for a violent crime.

We review a sentence imposed by a district court for reasonableness. *United States v. Lanning*, 633 F.3d 469, 473 (6th Cir. 2011). Reasonableness review has both a procedural and a

_____

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

substantive component. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *Lanning*, 633 F.3d at 473. When reviewing a district court's sentencing determination, we "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall*, 552 U.S. at 51. Cifuentes-Zapete challenges only the procedural reasonableness of his sentence, arguing that the district court improperly calculated his Guidelines range.

Based upon calculations contained in Cifuentes-Zapete's presentence report, his base offense level was twenty-one and his criminal history category was V. Included in the offense level calculation, and of particular relevance here, was a sixteen-level increase pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) based upon the probation officer's determination that Cifuentes-Zapete had a prior conviction for a crime of violence. Cifuentes-Zapete noted an objection to the proposed sixteen-level increase to his offense level for a prior violent crime conviction.

At sentencing, the district court entertained Cifuentes-Zapete's objection to the presentence report. Cifuentes-Zapete conceded that he had a prior "conviction that arose out of Maryland" for second-degree assault and that "Maryland classifies the conviction as a misdemeanor conviction." But he challenged "the legal effect of that conviction" on the imposition of his illegal reentry sentence. Cifuentes-Zapete argued that his prior Maryland conviction was not a crime of violence and that the "Statement of Probable Cause" that was incorporated into the document charging him with second-degree assault could not be considered to determine whether it was a violent crime. Cifuentes-Zapete acknowledged, but expressed disagreement with, *United States v. Kirksey*, 138 F.3d 120 (4th Cir. 1998). *Kirksey* held that Statements of Probable Cause and sworn statements contained therein, which were incorporated into the charging documents in that case, were properly

considered when determining that Maryland convictions for assault and battery were crimes of violence. *Id.* at 126.

The district court rejected Cifuentes-Zapete's objection, finding that the sixteen-level increase to his base offense level for the prior Maryland conviction was appropriate. The district court found the *Kirksey* case persuasive inasmuch as that court had "considered this exact issue" and the decision is "squarely on point" regarding whether the "Statement of Probable Cause" incorporated by the charging document in Cifuentes-Zapete's case could be considered when determining whether his prior conviction is a crime of violence. The district court found that the charging document in Cifuentes-Zapete's Maryland case "contains or alleges facts which makes the specific offense characteristic applicable" in his illegal reentry case.

We review *de novo* a district court's determination that a prior conviction "constitutes a crime of violence for the purposes of U.S.S.G. § 2L1.2." *United States v. Soto-Sanchez*, 623 F.3d 317, 319 (6th Cir. 2010). The base offense level for defendants convicted of illegally reentering the United States after deportation is eight. USSG § 2L1.2(a). If the defendant was previously deported after "a conviction for a felony that is . . . a crime of violence," the sentencing guidelines provide for a sixteen-level increase to the base offense level. USSG § 2L1.2(b)(1)(A)(ii).

A "crime of violence" is defined as any offense enumerated in the commentary designated as application notes following USSG § 2L1.2 "or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." USSG § 2L1.2, cmt. n.1(B)(iii). When determining whether an offense is a crime of violence, the categorical approach is employed. *See Soto-Sanchez*, 623 F.3d at 320. The categorical approach considers "only the fact of conviction and the statutory definition of the prior offense"; the underlying facts of the offense are disregarded. *Id.* (citing *Taylor v. United States*, 495 U.S. 575, 600-01 (1990)). When a statute is ambiguous and an offense may be committed under the statutory definition with or without violence, a modified categorical approach may be employed that permits

a court to consider certain documents to determine whether the crime was violent. *Shepard v. United States*, 544 U.S. 13, 26 (2005). These documents include "the charging document," the plea agreement, the plea transcript "in which the factual basis for the plea was confirmed by the defendant," or similar documents. *Id.*

Cifuentes-Zapete's prior offense was a Maryland conviction for second-degree assault in violation of Maryland Code Annotated, Criminal Law, § 3-203(a), which simply states that "[a] person may not commit an assault." The Maryland legislature defines "assault" as "the crimes of assault, battery, and assault and battery, which retain their judicially determined meanings." Md. Code Ann., Crim. Law, § 3-201(b). The charging document for Cifuentes-Zapete's Maryland conviction incorporated a "Statement of Probable Cause," describing the nature of Cifuentes-Zapete's second-degree assault offense. Because the statutory offense is ambiguous, the district court properly considered the charging document and found that the second-degree assault offense to which Cifuentes-Zapete pleaded guilty constituted a crime of violence within the meaning of USSG § 2L1.2. *See Shepard*, 544 U.S. at 26; *Kirksey*, 138 F.3d at 126. Cifuentes-Zapete's base offense level was properly enhanced by sixteen levels under USSG § 2L1.2(b)(1)(A)(ii).

Contrary to Cifuentes-Zapete's contentions, the district court did not wholly rely upon *Kirksey* and fail to employ the modified categorical approach to determine whether his prior second-degree assault conviction qualified as a crime of violence. The record indicates that the district court considered the charging document in the Maryland case to determine the nature of Cifuentes-Zapete's second-degree assault offense and relied upon *Kirksey* when determining whether the incorporated Statement of Probable Cause could be considered as part of the charging document. Furthermore, the district court was not required to consider Cifuentes-Zapete's guilty plea documents in order to determine whether his prior Maryland conviction was a crime of violence because the charging document was sufficiently narrowed to permit the district court to conclude that the conviction involved the use of physical force against another person and qualified as a crime of violence. *See United States v. White*, 455 F. App'x 647, 655 (6th Cir. 2012) (holding that "a

narrowly drawn charging instrument" coupled with "the fact of conviction alone are sufficient to determine that" a prior conviction qualified as a violent felony for purposes of the Armed Career Criminal Act).

Accordingly, we affirm the district court's judgment.